# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 13, 2021

Lyle W. Cayce
Clerk

No. 21-10250
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JORGE IVAN VAZQUEZ-MEDRANO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CR-124-1

Before KING, COSTA, and HO, *Circuit Judges*

PER CURIAM:[*]

Jorge Ivan Vazquez-Medrano appeals his conviction for illegal reentry following deportation and his sentence to 36 months of imprisonment and two years of supervised release. *See* 8 U.S.C. § 1326(a), (b)(2). He contends that the district court erred in applying the enhancement in § 1326(b)(2)

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

based on a prior conviction for aggravated assault with a deadly weapon because the existence of the prior conviction was neither pleaded in the indictment nor found by a jury beyond a reasonable doubt. He also contends that the court's failure to advise him at rearraignment that the prior conviction was an essential element of the offense violated Federal Rule of Criminal Procedure 11 and renders his plea involuntary. Vazquez-Medrano concedes that his arguments are foreclosed by *United States v. Almendarez-Torres*, 523 U.S. 224 (1998), and he raises them only to preserve the issues for future Supreme Court review. Relying on *Almendarez-Torres*, the Government moves for summary affirmance or, alternatively, for an extension of time to file a brief.

In *Almendarez-Torres*, the Supreme Court held that a prior conviction used to increase a defendant's maximum sentence under § 1326(b) is a sentencing factor, not an element of the offense that must be charged in the indictment and proven to a jury. 523 U.S. at 228, 235. *Almendarez-Torres* "remains binding precedent until and unless it is officially overruled by the Supreme Court." *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007). Consequently, the Government is "clearly right" that *Almendarez-Torres* forecloses appellate relief on Vazquez-Medrano's arguments, such that there is "no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The Government's alternative motion for an extension of time is DENIED AS MOOT.